UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAY RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-111 |
| | § | |
| KIRBY CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a maritime personal injury case alleging that Plaintiff Jay Rivera injured his foot while on the *M.V. Tarpon*. Rivera is an Aransas-Corpus Christi pilot who was sent to the *M.V. Tarpon* to provide navigational guidance as it traveled from the Port of Aransas sea buoy to Oil Dock #11. Rivera alleges that he boarded the vessel, "[a]s he had done thousands of time before, . . . by climbing up the pilot ladder and onto the deck of the barge DBL 76," where he was met by "an able bodied seaman . . . who was apparently on his first hitch," and he then proceeded onto the deck of the *M.V. Tarpon*. As Rivera entered the interior of the *M.V. Tarpon*, stepping over a bulwark and through a watertight door, he stepped on the engine room access hatch, which was raised above the surface of the deck by approximately two inches. Rivera's foot rolled as he stepped on the uneven surface, and he alleges that he suffered serious and debilitating injuries to his foot. Rivera's complaint alleges that the Defendants were negligent because they failed to mark the uneven surface, failed to warn him of the hazard, and failed to train the seaman who escorted him, and he also alleges that the *M.V. Tarpon* was unseaworthy because the engine room access hatch was defectively designed and not marked in a safe manner.

Rivera filed his complaint on April 10, 2017. The Court entered a docket control order in this case on August 3, 2017. Dkt. 9. The deadline for motions to amend pleadings passed on October 2, 2017. The expert designation deadlines are in February and March 2018, and the discovery deadline is May 30, 2019. Trial is set for October 2018.

After this Court entered the August 2017 docket control order, approximately four months passed. Then, in early December 2017, the parties sought the Court's assistance with a discovery dispute. Plaintiff alleged that he had properly requested documents relating to safety policies and training from the Defendants, but he alleged that the Defendants' responses had been insufficient. The parties were able to clarify the dispute after sending additional interrogatories, and they did not seek additional intervention from the Court or file a motion to compel.

Instead, on January 19, 2018, Plaintiff filed a motion to amend his complaint. Dkt. 19. First, Rivera alleges that his medical condition has grown more serious since the case was filed, and that he was recently diagnosed with "Complex Regional Pain Syndrome." He therefore seeks leave to amend his allegations in his complaint to clarify that he will not be able to return to work and to update his allegations about his physical condition and injuries. Second, Rivera also seeks to add an allegation of *negligence per se* under *The Pennsylvania Rule*. He explains that, although he did not originally include such an allegation in his complaint, documents recently produced by Defendants lead him to now believe that such an allegation is well-founded.

Defendants oppose the request, in part. Dkt. 20. Defendants explain that they are not opposed to Plaintiff including additional information about his medical condition, but they do oppose any new causes of action, particularly Rivera's requested additions of *negligence per se* and *The Pennsylvania Rule*. In particular, the Defendants contend that Plaintiff's request is

simply too late, and the operative facts underlying his proposed amendments were available before the deadline for amended pleadings passed.

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon Financial Insurance, Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting FED. R. CIV. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon*, 591 F.3d at 470 (quoting *Southwestern Bell Telephone Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)). If a movant establishes good cause to extend the scheduling order, courts analyze the motion to amend under Rule 15(a), which states that "[t]he court should freely give leave when justice so requires." *S&W Enterprises*, 315 F.3d at 535.

*The Pennsylvania Rule* is a rule in maritime cases that has been described by the Fifth Circuit as an "evidentiary presumption of fault . . . premised on a statutory violation or, put another way, when 'a vessel is in derogation of a statutory rule.'" *See In re Mid-South Towing Co.,* 418 F.3d 526, 533 (5th Cir. 2005). It is most traditionally applied in causes of allisions or collisions between vessels. *See, e.g., American River Trans. Co. v. Kavo Kaliakra SS*, 148 F.3d 446, 449 (5th Cir. 1998)(citing *The Pennsylvania*, 86 U.S. 125). The rule states:

> [W]hen ... a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.

*The Pennsylvania*, at 136. The rule addresses burden of proof; it is not a rule of ultimate liability. *American River* at 449; *Pennzoil Producing Co. v. Offshore Exp., Inc.*, 943 F.2d 1465, 1472 (5th Cir. 1991)). The rule has been held to apply not only to fact scenarios involving collisions or allisions, but also to "violations of statutes intended to prevent the injury that actually occurred." *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1116 (5th Cir. 1985). The presumption under the rule, however, is rebuttable and it "applies only to violations of statutes that delineate a clear legal duty." *Tokio Marine & Fire Ins. Co. v. FLORA MV*, 235 F.3d 963, 966 (5th Cir. 2001).

Rivera's proposed amended complaint not only cites *The Pennsylvania Rule*, it also specifically pleads that the *M.V. Tarpon* is required by international conventions and federal regulations to maintain a security plan, mandating an escort for pilots such as Rivera when they board and leave a vessel. Rivera's proposed amended complaint further contends that the seaman assigned to escort Rivera failed to complete his task, abandoning Rivera at a crucial point, and Defendants therefore violated their own federally-required ship security plan, federal regulations, and the International Convention for Safety of Life at Sea (SOLAS). Rivera also alleges that the vessel was not in compliance with federal regulations requiring handrails. He specifically pleads that he is among the class of persons intended to benefit from these regulations, and that the failure to comply with them was a cause of his injuries.

After considering these proposed amendments in light of the four factors laid out in the Fifth Circuit's Rule 16(b) case law, the Court finds that Rivera's motion to amend should be

**GRANTED**. Although Rivera's motion to amend is indeed filed after the deadline for amended pleadings has expired, and the Court also notes that many of these issues were at least obliquely (if not directly) raised during the discovery dispute about the vessel's safety manuals and training, the Court finds that the overall circumstances of the discovery dispute and the pleadings in this case, as well as the fact that the discovery deadline is still months away, as well as the importance of the amendments to Rivera's case, weigh in favor of granting the motion. The Court does not find that there is any significant prejudice to the Defendants by granting the motion because they have not pointed to any new discovery or pleadings they will need to rebut these new additions. Considering all of the circumstances, the Court finds that Rivera has established good cause and that leave to amend should be **GRANTED**.

Further, the Court hereby **ORDERS** the Clerk of the Court to file the "First Amended Complaint," attached as Exhibit 2 to Plaintiff's Motion to Amend (Dkt. 19), among the papers in this case.

SIGNED at Galveston, Texas, this 6th day of February, 2018.

George C. Hanks Jr.
United States District Judge