**In the United States District Court
For the Southern District of Texas
Galveston Division**

| | | |
|---|---|---|
| **Jay Rivera** § | | |
|     **Plaintiff,** § | C.A. No. 3:17-cv-111 | |
| § | | |
| **v.** § | | |
| § | 9(H) Admiralty | |
| **Kirby Offshore Marine, LLC** § | | |
|     *In personam* § | | |
| **M.V. Tarpon** § | | |
|     *In Rem* § | | |

**Plaintiff Jay Rivera's
Opposed Motion to File Second Amended Complaint**

To the Honorable Judge George C. Hanks, Jr.:

Comes now, Jay Rivera ("Rivera" or "Plaintiff") and files this opposed motion to file a second amended complaint, attached as Exhibit A, and would respectfully show as follows:

**Background & Argument**

1. Plaintiff filed his original complaint against Kirby Corporation, Kirby Offshore Marine, LLC and the *M.V. Tarpon* on April 10, 2017. *See* Court's Doc. No. 1.

2. On February 6, 2018, Plaintiff amended his Original Complaint. *See* Court's Doc. No. 23.

3. On February 20, 2018, Defendant answered the Amended Complaint. *See* Court's Doc. No. 24.

4. On May 4, 2018, both parties moved for summary judgment on Plaintiff's status as a longshoreman. *See* Court's Doc. No. 32, 33.

1

5. Included within its briefing, Defendant argued that Plaintiff had waived the argument that he was a Jones Act seaman in the allegation Plaintiff was "not a member of the crew of the *M.V. Tarpon*."

6. This is a maritime personal injury case involving a harbor pilot who injured his left foot while boarding the *M.V. Tarpon.* As set forth in Plaintiff's attached second amended complaint, Capt. Rivera is now no longer able to act as a harbor pilot due to his injuries, and also, Defendant has placed into dispute his maritime legal status by arguing that Plaintiff is a longshoreman. Out of an abundance of caution, and to ensure a full appellate record should this case reach the appellate courts, Plaintiff seeks leave to submit questions on the panoply of maritime legal claims that Capt. Rivera *might* have available to him.

7. The first claim, which Capt. Rivera concedes is presently barred in the Fifth Circuit, is whether he qualifies as a Jones Act seaman. Capt. Rivera simply wishes to submit this claim in his amended complaint for purposes of changing the law in this Circuit based on the 1927 Longshoreman's Opinion No. 22. This opinion, as described more fully in Plaintiff's briefing on Longshore status, stated that Pilots prior to the 1972 Amendments to the Longshore and Harbor Worker's Compensation Act ("the Act") were not covered by the Act. As a consequence, those same workers should not be covered after it simply because they are injured on the navigable waters of the United States. This amendment is solely for purposes of making this argument on appeal to change the law. Apparently, this argument has never been raised in the Fifth Circuit either.

8. The second amendment deals with Defendant's arguments—as set forth in its Summary Judgment—that Plaintiff is a longshoreman. As a precautionary measure, and to assist the Court in having to try this case piecemeal, Plaintiff would request leave to amend his complaint to add allegations under Section 5(b) of the Longshore Act under the Active Control Doctrine as set forth in *Scindia Steam Navg. Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981); *Pimental v. LTD Canadian Pacific Bul*, 965 F.2d 13 (1992).

9. Consequently, if Defendant is correct, and Plaintiff is a longshoreman, Kirby was required by 29 C.F.R. 1910.22 to provide a safe walkway surface for his access to the wheelhouse of the ship. Plaintiff avers that Defendant will not be prejudiced in the slightest if it succeeds in qualifying Plaintiff as a longshoreman and thereby exposing Kirby to a regulatory scheme that carries with it a potential negligence *per se* question. This is, after all, what Kirby asked for. Kirby cannot with one breath invoke a liability scheme to its benefit and with another deny the regulatory scheme contained within that scheme that harms it.

11. Finally, Capt. Rivera has been diagnosed with Complex Regional Pain Syndrome (CRPS) in his left foot, and has sense failed his annual U.S. Coast Guard physical examination making him physically incompetent to act as a Merchant Mariner and by proxy, as an Aransas-Corpus Christi Pilot for the State of Texas. *See* TEX. TRANSP. CODE § 61.011. Capt. Rivera also amends his complaint to claim that he is prohibited from acting as a state commissioned pilot for the State of Texas given his physical incompetence based on his recent failed U.S. Coast Guard physical examination.

3

12. The proposed amendment (attached as Exhibit A), although made after the pleading deadline is done with good cause, and leave has been sought without delay once it became certain that an amendment would more efficiently allow this case to be disposed of with a single trial, and without repeated appeals on a single issue that can be decided once. Apart from the merits based amendments, Plaintiff also has made a few minor grammatical corrections and one typographical correction in the official number of the *M.V. Tarpon* which was due to a nomenclature problem on the U.S. Coast Guard's Port State Information Exchange website. The correct number is now included but is inconsequential as Kirby Offshore Marine, LLC has answered *in personam*.

**The Fifth Circuit's Good Cause Test for Allowing a Late Amendment**

13. The Fifth Circuit has a four-part test for establishing whether good cause exists to allow a pleading amendment after the deadline: There are four factors relevant to a determination of good cause under Rule 16(b)(4). They are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filigueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

14. Plaintiff avers that there is good cause for allowing the amendment. First, Plaintiff is making these amendments for purposes of a clear appellate record and to streamline this case for trial. Undersigned would state that in good faith he does not believe that Plaintiff qualifies as a Longshoreman, and for that reason did not plead a claim under Section 5(b) of the Longshore Act. Furthermore, controlling precedent in the Fifth Circuit

is that Plaintiff cannot be a Jones Act seaman, therefore the only reason Plaintiff seeks to amend at this stage is to avoid having to retry the entire case due to the unlikely outcome that the Fifth Circuit finds that Plaintiff is a Longshoreman and that issue was not pled. Because this is a bench trial, Plaintiff will submit proposed findings of fact and conclusions of law on the three possible scenarios for Capt. Rivera: Jones Act, Longshore Act and General Maritime Law Negligence. No further discovery or evidence should be needed on these issues, and indeed the summary judgments presently before the Court contain all the legal and factual evidence the Court should require to reach a determination on these issues now. Because there is no clear guiding precedent in this circuit on the question of whether a harbor pilot, such as Plaintiff, is a longshoreman or general maritime law claimant, Plaintiff believes this will only assist the Court in preparing a suitable appellate record should either party appeal in this case. Plaintiff further believes that if he prevails on any theory, the damages recoverable will largely be the same.

15. Plaintiff believes that the amendment is important so that the proper questions may be presented on appeal. Plaintiff does not wish to be foreclosed at the appellate level of arguing the history of the Jones Act as it relates to the Longshore and Harbor Worker's Act simply because he did not plead a claim under Section 5(b) of the Longshore Act. Furthermore, this will hopefully eliminate the need for further trial court involvement post-appeal.

16. In so far as prejudice is concerned, Plaintiff is the only party who would be prejudiced if he is not allowed to amend and add allegations under Section 5(b) of the Longshore Act and negligence *per se*. If Defendant is correct, and Plaintiff

5

is barred from adding these allegations, only Plaintiff will be punished, and Defendant will be able to escape the regulatory framework for providing a safe workplace that it alleged applied. On the other hand, Defendant's sole basis that it will be prejudiced is that it will have to file a motion for summary judgment on Plaintiff's claims because they are "futile." A summary judgment on any of these issues, however, will not dispose of the need to have a trial on the remaining issues. Therefore, there is no need for a continuance in this case.

17. Plaintiff owes Kirby no outstanding discovery, and Kirby has not asked for the summary judgments to be stayed pending additional discovery. These issues are all ripe for adjudication, and no continuance is needed. Indeed, Kirby has not requested a continuance in this case. The final fact witnesses and experts are being deposed in an orderly manner and everything is on track for the September docket call.

18. In anticipation of a potential argument that Plaintiff would also show that his amended claims are not futile.[1] The standard for determining whether a proposed amended complaint is futile is whether it states a claim for which relief can be granted. Here, the claim being made is under the umbrella of claims a longshoreman would have available to him, i.e. Section 5(b) of the Longshore Act and a violation of 29 C.F.R. § 1910.22 which requires walkway surfaces to be maintained in a safe manner. Plaintiff has shown how these allegations are supported

---

[1] Plaintiff agrees that the Jones Act claim at this juncture is not valid, but again is making this amendment for the sole purpose of appellate review and in order to attempt to change the law.

by the facts and related to his claim. This is no threadbare pleading. These allegations certainly pass the 12(b)(6) pleading standard.

## Conclusion

Accordingly, Plaintiff requests the Court grant his motion to file a second amended complaint and for any and all relief to which he may be granted.

Respectfully submitted

**The Crew Law Firm, P.C.**

By: /s/ *Paxton Crew*
Paxton Crew
Attorney in Charge for Plaintiff
Jay Rivera
Texas State Bar No. 24058720
Fed. I.D. No. 859147
Paxton@thecrewlawfirm.com
303 East Main Street
Suite 260
League City, Texas 77573
main: 713-955-0909
fax: 409-908-4050

## CERTIFICATE OF CONFERENCE

I, Paxton N. Crew, do certify that I conferred with opposing counsel John K. Spiller by email and phone conference well as with the Court during the pre-hearing conference. Counsel for Defendant indicated that Kirby was opposed to the amendment because it felt that the new legal allegations were futile and Kirby would be prejudiced by needing to file a 12(b)(6) or 12(c) motion to dismiss on the Jones Act claims. Kirby was not opposed to any amendment to include longshore claims but was opposed to the negligence *per se* amendment for longshore regulatory violations. Plaintiff is therefore marking Kirby as "opposed."

*/s/ Paxton N. Crew*
Paxton N. Crew

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 26th day of June, 2018.

| | |
|---|---|
| John K. Spiller | via e-file |
| Bijan R. Siahatgar | |
| Clark Hill Strasburger | |
| 909 Fannin Street, Suite 2300 | |
| Houston, Texas 77010-1036 | |

                                            ***/s/ Paxton N. Crew***
                                            Paxton N. Crew