United States District Court
Southern District of Texas
**ENTERED**
August 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAY RIVERA, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-111 |
| | § | |
| KIRBY CORP., et al., | § § | |
| Defendants. | § § | |

### ORDER

The plaintiff, Jay Rivera, has filed a motion for leave to file a second amended complaint. The motion (Dkt. 44) is **GRANTED IN PART AND DENIED IN PART**.

Rivera is a compulsory harbor pilot who alleges that he fractured a bone in his left foot when he fell while on board the *M.V. Tarpon*. His live complaint alleges claims for negligence, unseaworthiness, and negligence *per se* (Dkt. 23 at pp. 9–13). Rivera's proposed second amended complaint adds claims under the Jones Act and the Longshore and Harbor Workers' Compensation Act ("LHWCA") (Dkt. 46-1 at pp. 12–15). The defendants do not oppose the addition of the LHWCA claim but do oppose the addition of the Jones Act claim (Dkt. 45 at p. 2).

The defendants argue that an amendment adding a Jones Act claim would be futile because the Fifth Circuit has held that compulsory pilots like Rivera are not covered by the Jones Act. *Bach v. Trident Steamship Co., Inc.*, 920 F.2d 322, 323–26 (5th Cir. 1991), *reinstated after remand at* 947 F.2d 1290, 1291 (5th Cir. 1991), *cert. denied*, 504 U.S. 931 (1992). Rivera concedes that "the Jones Act claim . . . is presently foreclosed . . . as a

matter of law . . . in the Fifth Circuit" by *Bach* but seeks to have the Fifth Circuit reexamine the question of whether a compulsory pilot can be a Jones Act seaman (Dkt. 46 at p. 1–3). Rivera's interest with regard to his proposed Jones Act claim, in other words, is not possible recovery under the Jones Act but an attempt to overturn *Bach*.

The Court will not allow addition of the Jones Act claim; such an amendment would be futile. The Fifth Circuit held that the compulsory pilot in *Bach* was not a Jones Act seaman "because he was not permanently assigned to any particular vessel or fleet of vessels." *Bach*, 947 F.2d at 1291. Rivera's pleadings do not establish permanent assignment to a particular vessel of fleet of vessels, so his Jones Act claim is indeed, as every party in this case agrees, forestalled by *Bach*. If Rivera is concerned about preserving this issue for Fifth Circuit review, he need not worry—denials of motions for leave to amend are regularly reviewed on appeal. *See, e.g., Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 593 (5th Cir. 2016) (reversing the district court's denial of a motion for leave to amend). And, although the standard of review is generally abuse of discretion, "where the district court's denial of leave to amend was based solely on futility, [the Fifth Circuit] applies a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *Id.* at 590.

Rivera's motion for leave to amend (Dkt. 44) is **GRANTED IN PART AND DENIED IN PART**. The Court will allow the addition of the claim under the Longshore and Harbor Workers' Compensation Act but will not allow addition of the claim under the Jones Act.[1]

SIGNED at Galveston, Texas, on   August 13  , 2018.

                                         GEORGE C. HANKS, JR.
                                         UNITED STATES DISTRICT JUDGE

---

[1] Rivera has voluntarily abandoned a proposed amendment of his complaint that would have included a claim for violation of 29 C.F.R. § 1910.22 (Dkt. 46 at p. 4).